09-3195-cv(L); 09-3766-cv(XAP)
*Parker v. Time Warner Entertainment*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the federal appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand ten.

PRESENT:
>JON O. NEWMAN
>JOHN M. WALKER, JR.,
>>>*Circuit Judges.*[*]

---

RICHARD LOBUR, SHARON LOBUR,
>*Objectors-Appellants-Cross-Appellees.*


-v.-                                                          No. 09-3195(L)
                                                             No. 09-3766(XAP)


ANDREW PARKER, on behalf of himself and all others similarly situated, ERIC DeBRAUWERE, on behalf of himself and all others similarly situated,
>*Plaintiffs-Appellees-Cross-Appellants,*

TIME WARNER ENTERTAINMENT COMPANY, LP, TIME WARNER CABLE, LYDIA TOWNSEND, ROSALIE VITRANO,
>*Defendants.*

---

>DANIEL W. ANDERSON, The Anderson Law Firm, Tampa, Florida (A. Anderson B. Dogali, Forizs & Dogali,

---

[*] The Honorable Gerard E. Lynch, originally a member of the panel, recused himself from this case. The remaining two members of the panel, who are in agreement, decide this case in accordance with Second Circuit Internal Operating Procedure ("IOP") E(b).

P.L., Tampa, Florida, *on the brief*), *for* Objectors-Appellants-Cross-Appellees.

DANIEL HUME, Kirby McInerney LLP, New York, New York (George W. Sampson, Hagens Berman Sobol Shapiro LLP, Seattle, Washington; Jonathan W. Cuneo and Michael G. Lennett, Cuneo Gilbert & LaDuca LLP, Washington, D.C.; James M. Beaulaurier, Law Office of James M. Beaulaurier, Seattle, Washington, *on the brief*), *for* Plaintiffs-Appellees-Cross-Appellants.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be AFFIRMED.

Objectors-Appellants-Cross-Appellees Richard and Sharon Lobur appeal from a final judgment by the United States District Court for the Eastern District of New York (Glasser, *J.*), entered July 16, 2009, granting the Loburs' request for attorneys' fees, but in an amount less than that requested, and denying an incentive award to the Loburs for their role as objectors to the underlying class settlement. The Loburs argue that the district court abused its discretion by 1) failing to apply the correct legal standard, as stated in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43 (2d Cir. 2000), to their request for attorneys' fees; 2) failing to reasonably account for the benefits to the class conferred by through their counsel's efforts; and 3) failing to grant their request for an incentive award. The Plaintiffs-Appellees-Cross-Appellants cross-appeal the district court's award of any amount of attorneys' fees to the Loburs' counsel. We assume the parties' familiarity with the facts and the record of the prior proceedings, which we reference only to the extent necessary to explain our decision.

This Court "will not overturn a district court's award of attorneys' fees absent an abuse of discretion, such as a mistake of law or a clearly erroneous factual finding." *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 134 (2d Cir. 2008) (internal quotation

2

marks omitted). A district court may calculate a reasonable attorney fee using either the "lodestar" or the "percentage of the fund" method, *see Goldberger*, 209 F.3d at 47, 50, but must be guided in its determination by the traditional criteria for awarding attorneys' fees, including "'(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations.'" *Id.* at 50 (quoting *In re Union Carbide Corp. Consumer Prod. Bus. Sec. Litig.*, 724 F. Supp. 160, 167-68 (S.D.N.Y. 1989) (alteration in original)).

The district court determined that the fee award for the Loburs' counsel was best assessed under the lodestar method. Though the district court did not mechanically address each of the *Goldberger* factors as it had in assessing class counsel's fee request, in assessing the Loburs' request for attorneys' fees, the district court based its decision regarding the Loburs' counsel on the *Goldberger* factors that account for counsel's time and labor expended on the objections, the magnitude and complexity of the Loburs' intervention in the class settlement, and the risks of participating in shaping the class settlement. Based upon a review of the summary of hours billed by the Loburs' counsel and its consideration of the *Goldberger* factors, the district court reasonably concluded that the requested fee award of $861,652, based on a lodestar amount of $195,830 with a 4.4 multiplier, was excessive. The district court's decision to base its award on a reduced number of hours, cutting the 418.5 hours of work claimed by the Loburs' counsel (and, hence, the lodestar) by half, was a reasonable means of tailoring the fee award so as to more accurately reflect a reasonable value of the time and effort contributed by the Loburs' counsel with respect to the class settlement. Moreover, the district court's

3

decision not to apply a multiplier to the reduced lodestar, thereby settling on a total of $97,915 in fees awarded to the Loburs' counsel, was not an abuse of discretion in light of the district court having already accounted for counsel's efforts and contributions to the class settlement in arriving at a reasonable number of hours exerted on the objections. *Cf. Purdue v. Kenny A.*, No. 08-970, slip op. at 9 (S. Ct. Apr. 21, 2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.").

We review a district court's grant or denial of incentive awards for the abuse of discretion. *See Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). In this case, the district court reasonably determined that the minimal effort and risk to the Loburs in participating as objectors to the class settlement did not warrant an incentive award.

Finally, though the Loburs' objections arguably resulted in no increase in the class settlement's value, the district court reasonably found that their participation did result in an improvement to the distributional fairness of the class settlement. Thus, the argument advanced by class counsel on cross-appeal that the award of any attorneys' fees to the Loburs' counsel was erroneous due to a lack of any contribution on their part is without merit. As noted above, the district court assessed the Loburs' efforts using the *Goldberger* factors and arrived at a reasonable fee award.

We have carefully considered all of the parties' other arguments and found them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby affirmed.

<div style="margin-left: 50%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>